UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 24-6532 FMO (SSCx) | Date | November 8, 2024 |
|---|---|---|---|
| Title | Noah Shumate v. Thomas McKenzie, et al. | | |

Present: The Honorable  Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Re: Dismissal Re: Lack of Prosecution

Having reviewed plaintiff's Response to Order to Show Cause (Dkt. 12, "Response"), in which plaintiff's counsel, Caree Harper ("counsel"), seeks additional time to serve defendants. (See id. at ¶ 9). Counsel represents that on March 24, 2024, she filed a "Notice of Unavailability" in all of her cases, (see id. at ¶ 3), and that she returned to "limited part-time work on . . . September 23, 2024." (Id. at ¶ 4). As an initial matter, no Notice of Unavailability was filed in this action. (See, generally, Dkt.). Morever, if such a notice had been filed, it would have been stricken because, absent a court order, a notice of unavailability does not operate to, in effect, stay the litigation of a case. Counsel who are out of the office or otherwise unavailable are required to designate other counsel who can handle all aspects of their cases. Nevertheless, the court will grant plaintiff's counsel an extension of time to serve defendants. However, the court cautions counsel that the deadline will not be extended again. If counsel cannot continue to effectively represent plaintiff, she must find replacement counsel or seek to withdraw from the case.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff shall serve defendants no later than **December 9, 2024**, and shall file proofs of service no later than **December 12, 2024**.

2. Plaintiff is admonished that failure to file proofs of service by the deadline set forth above will result in the action or any unserved defendant being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court. See Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

3. The Order to Show Cause Re: Dismissal Re: Lack of Prosecution, is hereby continued pending compliance with this Order.

Initials of Preparer    vdr