UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-6532 FMO (SSCx) | Date | December 22, 2025 |
|---|---|---|---|
| Title | Noah Shumate v. Thomas McKenzie, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:  Attorney Present for Defendants:
None Present  None Present

**Proceedings:**   (In Chambers) Order to Show Cause Re: Filing Second Amended Complaint

On December 8, 2025, the court granted in part defendants' motion to dismiss. (See Dkt. 67, Court's Order of December 8, 2025, at 2). The court dismissed the First Amended Complaint with leave to amend, and ordered plaintiff to file a Second Amended Complaint, or a Notice of Intent to Stand on First Amended Complaint ("Notice of Intent") no later than December 18, 2025. (See id.). Plaintiff was "cautioned that failure to timely file a Second Amended Complaint or Notice of Intent shall result in this action being dismissed for failure to prosecute and failure to comply with a court order." (See id. at 3).

On December 18, 2025, plaintiff's counsel filed a declaration requesting an extension of time to file a Second Amended Complaint. (See Dkt. 68, Declaration of Caree Harper ("Harper Decl.") at ¶¶ 1-6). In the alternative, plaintiff's counsel noted that, if the court did not grant an extension, the declaration would serve as notice that plaintiff intends to stand on his First Amended Complaint rather than file a Second Amended Complaint. (See Dkt. 68, Harper Decl. at ¶ 6); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (explaining that to avoid dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, plaintiff must file an amended complaint or a notice that he will stand on the dismissed complaint). Even though plaintiff's Second Amended Complaint was due on December 18, 2025, the court will give plaintiff one final opportunity to file a Second Amended Complaint or otherwise respond. Plaintiff is again admonished to carefully consider the arguments raised by defendants in their motion to dismiss. (See Dkt. 67, Court's Order of December 8, 2025, at 1-2).

Based on the foregoing IT IS ORDERED THAT:

1. If plaintiff still wishes to pursue this action, he is granted until **January 16, 2026**, to file a Second Amended Complaint ("SAC"). **No further extensions will be granted**. In the event plaintiff does not file an SAC, the court will assume that plaintiff will stand on his First Amended Complaint. (See Dkt. 68, Harper Decl. at ¶ 6); Edwards, 356 F.3d at 1065.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-6532 FMO (SSCx) | Date | **December 22, 2025** |
|---|---|---|---|
| Title | **Noah Shumate v. Thomas McKenzie, et al.** | | |

    2.  Defendants shall file their Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **January 30, 2026**.

    3.  For purposes of a motion to dismiss, the parties are excused from the meet-and-confer requirement.

                                                             Initials of Preparer        vdr